LAWRENCE W. FREIMAN, ESQ.
Nevada Bar No. 10588
lawrence@freimanlegal.com
FREIMAN LEGAL
100 Wilshire Boulevard, Suite 700
Santa Monica, California 90401
Telephone: (310) 917-1004
*Counsel for Plaintiff Carlos Ceballos*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CARLOS CEBALLOS,<br><br>Plaintiff,<br><br>vs.<br><br>WYNN LAS VEGAS, LLC; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Carlos Ceballos, by and through his counsel of record, brings this Complaint against Defendant Wynn Las Vegas, LLC, and DOES 1 through 20, inclusive, and alleges as follows:

## I. INTRODUCTION

1. This is an action for age discrimination and unpaid wages arising from the abrupt termination of a sixty-nine-year-old butler with more than seventeen years of dedicated service. After nearly two decades of faithful employment at one of the most prominent luxury resorts on the Las Vegas Strip, Plaintiff Carlos Ceballos was summarily fired on February 21, 2025, without progressive discipline and after his

manager admitted that the company was looking to hire younger employees. Plaintiff brings claims under the federal Age Discrimination in Employment Act, Nevada Revised Statutes section 613.330, and Nevada's wage payment statutes.

## II. JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction over Plaintiff's federal claim under 28 U.S.C. §§ 1331 and 1343, and under 29 U.S.C. § 626(c) of the Age Discrimination in Employment Act.

3.     This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a) because those claims arise from the same case or controversy as Plaintiff's federal claim.

4.     Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in Clark County, Nevada, and because Defendant Wynn Las Vegas, LLC is subject to personal jurisdiction in this District. Venue is also proper under 29 U.S.C. § 626 because the unlawful employment practices alleged herein were committed in this District and Defendant's relevant employment records are maintained here.

## III. PARTIES

5.     Plaintiff Carlos Ceballos is, and at all relevant times was, a resident of Clark County, Nevada. Plaintiff was born on March 29, 1955. At the time of the unlawful conduct alleged in this Complaint, Plaintiff was sixty-nine years old and a member of the protected class of individuals forty years of age and older under both the Age Discrimination in Employment Act and Nevada Revised Statutes section 613.330.

6.     Defendant Wynn Las Vegas, LLC (hereinafter "Wynn" or "Defendant") is, and at all relevant times was, a Nevada limited liability company conducting

business at 3131 Las Vegas Boulevard South, Las Vegas, Nevada 89109. Defendant operates the Wynn Las Vegas resort and casino in Clark County, Nevada. Defendant is an "employer" within the meaning of 29 U.S.C. § 630(b) and NRS 613.310(2), and at all relevant times employed substantially more than the statutory minimum number of employees required for coverage under both statutes.

7.     The true names and capacities of Defendants sued as DOES 1 through 20 are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and on that basis alleges, that each fictitiously named Defendant is in some manner responsible for the acts and omissions alleged herein.

8.     At all relevant times, each Defendant was the agent, employee, joint venturer, alter ego, or representative of each remaining Defendant, and in doing the acts alleged herein was acting within the course and scope of such relationship and with the knowledge, consent, ratification, and approval of each remaining Defendant.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

9.     Plaintiff has exhausted all administrative prerequisites to this action. Plaintiff timely filed a verified charge of discrimination with the Nevada Equal Rights Commission ("NERC"), assigned NERC Charge No. 0806-25-2095, which was cross-filed with the United States Equal Employment Opportunity Commission ("EEOC") as EEOC Charge No. 34B-2025-00787.

10.     On March 12, 2026, NERC issued a Right-to-Sue Notice closing the charge and authorizing civil action under NRS 613.420. The EEOC has likewise issued or is deemed to have issued a notice of right to sue with respect to Plaintiff's federal age discrimination charge under 29 U.S.C. § 626(d) and (e). This action is timely filed within ninety days of receipt of those notices and otherwise complies with the limitations periods set forth in NRS 613.430 and 29 U.S.C. § 626.

## V. FACTUAL ALLEGATIONS

11.    On or about January 8, 2008, Defendant Wynn hired Plaintiff as a butler at the Wynn Las Vegas resort located at 3131 Las Vegas Boulevard South, Las Vegas, Nevada.

12.    In his role as butler, Plaintiff provided personalized service and care to high-end and VIP guests of the resort, including coordinating amenities, anticipating guest preferences, and maintaining the standard of luxury hospitality for which Wynn markets itself.

13.    Throughout his employment, Plaintiff performed his duties competently and to Wynn's legitimate expectations. Over more than seventeen years of service, Plaintiff was not subject to any final written warning or progressive discipline that would have placed his job at risk.

14.    As of the time of his termination, Plaintiff earned an hourly wage of approximately $21.00, paid on a bi-weekly schedule, in addition to gratuities customarily received by butlers at the Wynn Las Vegas resort.

15.    During Plaintiff's employment, and in the period preceding his termination, Plaintiff's direct supervisor Gerardo Rodriguez communicated to Plaintiff that Wynn was looking to hire younger employees.

16.    Plaintiff is informed and believes, and on that basis alleges, that Wynn's management implemented a preference for younger butlers and front-of-house staff and treated older employees, including Plaintiff, less favorably than substantially younger comparators with respect to discipline, scheduling, and continued employment.

17.    Substantially younger butlers and similarly situated employees who engaged in conduct comparable to or more serious than the conduct for which Plaintiff was discharged received progressive discipline, including verbal warnings, written

warnings, and other corrective steps, before any termination decision was made. Plaintiff was denied that same progressive discipline.

18. On February 21, 2025, at age sixty-nine and after more than seventeen years of service, Wynn summarily terminated Plaintiff's employment.

19. Wynn purported to base the termination on a single alleged workplace incident. Plaintiff disputes Wynn's characterization of that incident and further alleges that the asserted reason is a pretext for age discrimination.

20. Wynn did not afford Plaintiff the progressive discipline, investigation, or notice that it routinely afforded to substantially younger employees in comparable circumstances.

21. Plaintiff reported the discriminatory treatment to his manager and to Wynn's human resources function on the date of termination. Wynn took no remedial action and proceeded with the termination.

22. Plaintiff is informed and believes, and on that basis alleges, that following his termination, Wynn replaced Plaintiff with one or more substantially younger employees, or transferred Plaintiff's duties to substantially younger employees, in furtherance of Wynn's preference for a younger workforce.

23. Plaintiff is informed and believes, and on that basis alleges, that at the time of his discharge on February 21, 2025, Wynn failed to timely pay Plaintiff all wages, gratuities, and other compensation earned and unpaid as of the date of discharge.

24. Plaintiff is informed and believes, and on that basis alleges, that Wynn failed to pay Plaintiff the full amount of accrued and unused vacation or paid time off to which Plaintiff was entitled under Wynn's policies and practices, which Plaintiff had earned as part of his compensation.

25. Plaintiff is informed and believes, and on that basis alleges, that Wynn improperly retained, deducted from, or otherwise failed to remit to Plaintiff the full

amount of gratuities and service charges bestowed upon Plaintiff by guests of the Wynn Las Vegas resort.

26.     Defendant's failure to timely pay Plaintiff all wages owed on discharge has continued for more than thirty days following the termination, entitling Plaintiff to the full waiting time penalty available under NRS 608.040.

27.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered substantial economic harm, including lost wages and benefits, lost gratuities, lost future earning capacity, and the loss of a long-standing career.

28.     As a further direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered noneconomic harm, including humiliation, embarrassment, anxiety, loss of professional reputation, and emotional distress, in amounts to be proven at trial.

29.     Defendant's conduct was willful within the meaning of the Age Discrimination in Employment Act, 29 U.S.C. § 626(b), entitling Plaintiff to liquidated damages in an amount equal to his unpaid wages and lost benefits.

## VI. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**Age Discrimination in Violation of the ADEA, 29 U.S.C. §§ 621 et seq.**

**(Against Defendant Wynn Las Vegas, LLC and DOES 1 through 20)**

30.     Plaintiff incorporates by reference each preceding paragraph as though fully set forth herein.

31.     At all relevant times, Plaintiff was sixty-nine years of age and a member of the class of individuals protected by the Age Discrimination in Employment Act, 29 U.S.C. § 631(a).

32. At all relevant times, Defendant Wynn was an "employer" within the meaning of 29 U.S.C. § 630(b), engaged in an industry affecting commerce and employing twenty or more employees.

33. Plaintiff was qualified for and performed the essential functions of his position as a butler for more than seventeen years.

34. Defendant subjected Plaintiff to adverse employment action, including but not limited to termination of his employment on February 21, 2025.

35. Plaintiff's age was the but-for cause of Defendant's decision to terminate Plaintiff's employment. The discriminatory motive is evidenced by, among other things, the statement of Plaintiff's direct supervisor that Defendant was looking to hire younger employees, Defendant's differential application of progressive discipline to older versus substantially younger workers, and Defendant's replacement of Plaintiff with or transfer of his duties to substantially younger employees.

36. Defendant's purported reasons for terminating Plaintiff's employment are pretextual and lack basis in fact.

37. Defendant's conduct constitutes a willful violation of the ADEA within the meaning of 29 U.S.C. § 626(b).

38. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer economic damages, including lost wages, lost benefits, lost gratuities, and lost future earnings, and is entitled to liquidated damages, attorney's fees, and costs under 29 U.S.C. §§ 626(b) and 216(b).

## SECOND CAUSE OF ACTION

### Age Discrimination in Violation of NRS 613.330

### (Against Defendant Wynn Las Vegas, LLC and DOES 1 through 20)

39. Plaintiff incorporates by reference each preceding paragraph as though fully set forth herein.

40. NRS 613.330(1)(a) makes it an unlawful employment practice for an employer to discharge or otherwise discriminate against any person with respect to compensation, terms, conditions, or privileges of employment because of that person's age, where the person is forty years of age or older.

41. At all relevant times, Plaintiff was sixty-nine years old and within the protected age classification under NRS 613.310 and NRS 613.330.

42. At all relevant times, Defendant Wynn was an "employer" within the meaning of NRS 613.310(2).

43. Defendant discharged Plaintiff because of his age, in violation of NRS 613.330. The discriminatory motive is evidenced by, among other things, the supervisor's statement that Defendant was looking to hire younger employees, Defendant's differential treatment of older and substantially younger employees with respect to progressive discipline, and Defendant's replacement of Plaintiff with or transfer of his duties to substantially younger employees.

44. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered economic and noneconomic damages, including but not limited to lost wages, lost benefits, lost gratuities, emotional distress, humiliation, and loss of professional reputation, in amounts to be proven at trial. Plaintiff is also entitled to all relief available under NRS 613.420, including reinstatement or front pay, back pay, attorney's fees, and costs.

## THIRD CAUSE OF ACTION

### Breach of Implied-in-Fact Contract of Continued Employment

### (Against Defendant Wynn Las Vegas, LLC and DOES 1 through 20)

45. Plaintiff incorporates by reference each preceding paragraph as though fully set forth herein.

46. Although employment in Nevada is presumed to be at will, that presumption may be overcome by an implied-in-fact contract of continued

employment arising from the employer's written policies, personnel practices, oral representations, and the totality of the parties' employment relationship.

47.    Through its written policies, personnel practices, and course of dealing over more than seventeen years, including its consistent practice of administering progressive discipline before discharging employees, Defendant created an implied-in-fact contract that Plaintiff would not be terminated except for good cause.

48.    Plaintiff's long tenure, his consistently competent performance, the absence of any prior final written warning or progressive discipline, and Defendant's policies and practices gave rise to a reasonable expectation, upon which Plaintiff justifiably relied, that his employment would continue absent good cause for termination.

49.    Good cause did not exist for the termination of Plaintiff's employment. Defendant discharged Plaintiff based on a single disputed incident, without the investigation, progressive discipline, or notice that Defendant routinely afforded other employees in comparable circumstances, and Defendant's asserted reason for the discharge was pretextual.

50.    By terminating Plaintiff's employment without good cause, Defendant breached the implied-in-fact contract of continued employment.

51.    As a direct and proximate result of Defendant's breach, Plaintiff has suffered economic damages, including lost wages, lost benefits, lost gratuities, and lost future earnings, in amounts to be proven at trial, together with prejudgment interest and costs as permitted by law.

### FOURTH CAUSE OF ACTION

**Failure to Timely Pay Wages on Discharge in Violation of NRS 608.020 and NRS 608.040**

**(Against Defendant Wynn Las Vegas, LLC and DOES 1 through 20)**

52.     Plaintiff incorporates by reference each preceding paragraph as though fully set forth herein.

53.     NRS 608.020 provides that whenever an employer discharges an employee, the wages and compensation earned and unpaid at the time of such discharge become due and payable immediately.

54.     NRS 608.040(1) provides that if an employer fails to pay all wages and compensation due upon discharge, the wages or compensation of the employee continue at the same rate from the day discharged until paid, or for thirty days, whichever is less, as a waiting time penalty.

55.     On February 21, 2025, Defendant discharged Plaintiff. At the time of discharge, Plaintiff had earned and was owed wages, gratuities, and other compensation that Defendant did not timely pay.

56.     Defendant's failure to pay Plaintiff all wages and compensation due upon discharge has continued for more than thirty days following the discharge, entitling Plaintiff to the maximum waiting time penalty under NRS 608.040.

57.     As a direct and proximate result of Defendant's violations of NRS 608.020 and NRS 608.040, Plaintiff has suffered economic harm in the form of unpaid wages and statutory waiting time penalties, in amounts to be proven at trial, together with attorney's fees and costs as permitted by law.

## FIFTH CAUSE OF ACTION

### Failure to Pay Gratuities in Violation of NRS 608.160

### (Against Defendant Wynn Las Vegas, LLC and DOES 1 through 20)

58.     Plaintiff incorporates by reference each preceding paragraph as though fully set forth herein.

59.     NRS 608.160(1) makes it unlawful for any person to take all or part of any tips or gratuities bestowed upon the employees of that person, or to apply tips or gratuities as a credit toward the payment of the statutory minimum wage.

60.     During his employment, Plaintiff was entitled to all gratuities bestowed upon him by guests of the Wynn Las Vegas resort in connection with his work as a butler.

61.     Plaintiff is informed and believes, and on that basis alleges, that Defendant unlawfully took, retained, deducted from, or otherwise failed to remit to Plaintiff the full amount of gratuities to which Plaintiff was entitled under NRS 608.160.

62.     As a direct and proximate result of Defendant's violations of NRS 608.160, Plaintiff has suffered economic harm in the form of unpaid gratuities, in amounts to be proven at trial, together with attorney's fees and costs as permitted by law.

## SIXTH CAUSE OF ACTION

### Failure to Pay Accrued Vacation/PTO in Violation of NRS 608.020

### (Against Defendant Wynn Las Vegas, LLC and DOES 1 through 20)

63.     Plaintiff incorporates by reference each preceding paragraph as though fully set forth herein.

64.     At all relevant times, Defendant maintained policies and practices under which employees, including Plaintiff, accrued paid vacation or paid time off as part of their compensation, payable upon separation from employment.

65.     Plaintiff is informed and believes, and on that basis alleges, that as of the date of discharge, he had accrued vacation or paid time off that he had earned but had not used.

66.     Under Defendant's policies and practices, accrued and unused vacation or paid time off constitutes earned wages that became due and payable immediately upon Plaintiff's discharge under NRS 608.020.

67.     Defendant failed to timely pay Plaintiff the full amount of accrued and unused vacation or paid time off owed at the time of discharge.

68.   As a direct and proximate result of Defendant's violation, Plaintiff has suffered economic harm in the amount of the unpaid accrued vacation and paid time off, in amounts to be proven at trial, together with the waiting time penalty under NRS 608.040 and attorney's fees and costs as permitted by law.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant Wynn Las Vegas, LLC, and DOES 1 through 20, jointly and severally, as follows:

A. For general and compensatory damages, including but not limited to lost wages, lost benefits, lost gratuities, and lost future earnings, in amounts to be proven at trial, and for emotional distress and other noneconomic damages on Plaintiff's claim under NRS 613.330, in amounts to be proven at trial;

B. For liquidated damages under the ADEA, 29 U.S.C. §§ 626(b) and 216(b), in an amount equal to Plaintiff's unpaid wages and lost benefits;

C. For unpaid wages, gratuities, and accrued vacation or paid time off owed at the time of discharge, in amounts to be proven at trial;

D. For waiting time penalties under NRS 608.040;

E. For reinstatement to Plaintiff's former position or, in the alternative, front pay in lieu of reinstatement;

F. For prejudgment and postjudgment interest at the maximum legal rate on all sums awarded;

G. For reasonable attorney's fees and costs of suit under 29 U.S.C. §§ 626(b) and 216(b), NRS 613.420, NRS 608.140, and all other applicable law;

H. For injunctive relief enjoining Defendant from engaging in further age-based discrimination and ordering the expungement of all adverse references in Plaintiff's personnel file relating to the unlawful termination; and

I. For such other and further relief as the Court deems just and proper.

COMPLAINT FOR DAMAGES

## VIII. DEMAND FOR JURY TRIAL

69.    Plaintiff hereby demands a trial by jury on all claims and issues so triable.

DATED this 7th day of June, 2026.

Respectfully submitted,

FREIMAN LEGAL


By: */s/ Lawrence W. Freiman*
LAWRENCE W. FREIMAN, ESQ.
Nevada Bar No. 10588
100 Wilshire Boulevard, Suite 700
Santa Monica, California 90401
Telephone: (310) 917-1004
lawrence@freimanlegal.com
Counsel for Plaintiff Carlos Ceballos

COMPLAINT FOR DAMAGES

13